IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| PAUL E. WEBER, | § | |
| | § | No. 168, 2018 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID. No. N0408022175 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: October 24, 2018
Decided: November 13, 2018

Before **STRINE;** Chief Justice; **VALIHURA** and **TRAYNOR,** Justices.

## **O R D E R**

This 13th day of November, 2018, upon careful consideration of the parties' briefs and the record on appeal, it appears to the Court that the judgment of the Superior Court should be affirmed on the basis of and for the reasons assigned by the Superior Court's March 6, 2018 order adopting the Commissioner's August 22, 2017 Report and Recommendation.

Without addressing the Superior Court's determination that Weber's equal protection claim was procedurally barred as a repackaging of his formerly adjudicated due process challenge, the underlying equal protection claim is without merit, and it did not constitute ineffective assistance for Weber's trial counsel to not make that argument. In 2001, Weber was convicted of a felony for the forgery of a

$300 check, which served as one of the predicate offenses supporting the Superior Court's determination that he was a habitual offender.  Weber argues that his equal protection rights were violated because, (1) after his conviction for forgery, he had different appeal rights than the State of Delaware would have had,[1] and (2) had he been instead convicted for unlawful use of a payment card, which is only a misdemeanor, such a conviction would not have served as a predicate felony to support the Superior Court's determination of that he was a habitual offender.[2] There is, however, an obviously rational basis[3] for the General Assembly to draw distinctions between the appeal rights of convicted offenders and the State's appeal rights in criminal cases.  Likewise, there is an obviously rational basis[4] for the

---

[1] Op. Br. 43.

[2] Op. Br. 42–43; Reply. Br. 9–10.

[3] "The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution protects against arbitrary and capricious classifications, and requires that similarly situated persons be treated equally." *Sisson v. State*, 903 A.2d 288, 314 (Del. 2006).  But "equal protection does not mandate identical treatment for all persons." *Marine v. State*, 607 A.2d 1185, 1207 (Del. 1992). Rather, "in the event of distinctive treatment for persons within a class, there [must] be a reasonable basis for the distinction." *Id.* For the distinction to be unconstitutional, "the distinction must be patently arbitrary and bear no rational relationship to a legitimate governmental interest." *Id.* (internal quotations omitted). When rational basis review applies, the burden of proof "is on the one attacking the legislative arrangement to negative every conceivable basis which might support it." *Heller v. Doe by Doe*, 509 U.S. 312, 320 (1993). Weber has failed to show or even allege why proper prosecution of suspected criminals is not a legitimate government interest or why differential appeal rights has no rational relationship to that interest.

[4] Where fundamental rights such as procreation are involved, courts apply strict scrutiny to a distinction to determine if the Equal Protection Clause is violated. *See Skinner v. Oklahoma ex rel. Williamson*, 316 U.S. 535 (1942). Though Weber cites *Skinner*, he does not explain—nor do we see any reason—why strict scrutiny should apply to his case instead of the rational basis review that would otherwise apply to criminal law distinctions, *see Marshall v. United States*, 414 U.S. 417, 422 (1974). Thus, we apply rational basis review here as well.

General Assembly to determine that the unlawful use of a payment card is a less serious offense than check forgery. It was therefore objectively reasonable for his trial counsel to refrain from making this meritless equal protection claim.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:


/s/ Gary F. Traynor
Justice

3